**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Merced Flores,<br><br>    Petitioner,<br><br>vs.<br><br>Ernest Trujillo, Warden of the Arizona Department of Corrections; et al.,<br><br>    Respondents. | No. CIV 11-660-TUC-FRZ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus filed on October 18, 2011, by Daniel Merced Flores, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1) Flores claims trial counsel was ineffective during plea negotiations for failing to realize that he faced a sentence of natural life if he lost at trial. *Id*.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition.  It is time-barred.

Summary of the Case

Flores was convicted after a jury trial of first-degree murder, conspiracy to commit first-degree murder, and kidnapping. (Doc. 10, p. 3)  The trial court sentenced Flores to concurrent

1 sentences of natural-life, life with parole eligibility after 25 years, and 10.5 years'
2 imprisonment, respectively. *Id.*

3 On direct appeal, Flores raised eight separate claims of error, none of which are raised
4 in the pending petition. *Id.*, p. 6. Specifically, he argued (1) the trial court committed *Batson*
5 error during voir dire, (2) the jury instructions were error, (3) there was prejudicial pre-
6 indictment delay, (4) other act evidence should not have been introduced; (5) letters purportedly
7 written by the defendant while incarcerated should not have been admitted, (6) the trial court's
8 preclusion of impeachment evidence was error, (7) the state committed a *Brady* violation, and
9 (8) the admission of opinion evidence on gang behavior was error. (Doc. 13-1 pp. 60-63) The
10 court of appeals affirmed his convictions and sentences on October 21, 2004. (Doc. 10, p. 6).
11 Flores did not appeal to the Arizona Supreme Court. *Id.* The court of appeals issued its
12 mandate on December 9, 2004. *Id.* pp. 6-7.

13 Flores filed notice of post-conviction relief on February 24, 2005. *Id.*, p. 7. Appointed
14 counsel filed a petition arguing (1) trial counsel's representation during plea negotiations was
15 ineffective, (2) the petitioner was entitled to a new trial due to newly discovered evidence, and
16 (3) the recantation of co-conspirators Vega and Carrillo demonstrated the petitioner was actually
17 innocent. *Id.*, p, 7. The trial court held an evidentiary hearing but denied the petition on
18 September 30, 2009. *Id.*, p. 8.

19 The court of appeals granted review but denied relief on May 19, 2010. *Id.* Flores'
20 petition for review before the Arizona Supreme Court was denied on October 28, 2010. *Id.*, p.
21 8.

22 On October 18, 2011, Flores filed the pending petition for writ of habeas corpus pursuant
23 to 28 U.S.C. § 2254. (Doc. 1) He argues counsel was ineffective during plea negotiations for
24 failing to realize that he faced a sentence of natural life if he lost at trial. *Id.* He maintains that
25 if he knew he was facing a sentence of natural life, he would have accepted the plea agreement,
26 which stipulated a sentencing range of 7 to 21 years. *Id.*

27 On February 23, 2012, the respondents filed an answer arguing among other things that
28 the petition is time-barred. (Doc. 10) Flores filed a reply on May 3, 2012. (Doc. 17)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for Flores' claim was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also* (Doc. 17, pp. 3-4) (Flores disagrees about when the "judgment became final" but does not argue for a different triggering event.). The court of appeals affirmed Flores' convictions and sentences on October 21, 2004. (Doc. 10, p. 6) He then had 30 days to file a petition for review with the Arizona Supreme Court. Ariz.R.Crim.P.

31.19(a). His judgment became final on November 26, 2004, when he failed to do so[1]. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), *cert. denied*, 555 U.S. 829 (2008).

The one-year limitation period began running the next day and ran for 89 days until it was tolled on February 24, 2005, when Flores filed notice of post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until his petition for review from the Arizona Supreme Court was denied on October 28, 2010. The limitation period began running again the next day and expired 276 days later[2] on August 1, 2011. *See Hemmerle*, 495 F.3d at 1077. Flores filed his petition in this court on October 18, 2011. It is time-barred.

Flores argues his petition is timely because he filed it within one year from the date the Arizona Supreme Court denied his post-conviction relief petition, which he argues is the date his judgment became final. (Doc. 17, pp. 3-4) Flores is incorrect. His judgment became final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This occurred when the court of appeals denied his direct appeal and he failed to file a petition for review with the Arizona Supreme Court. *Hemmerle*, 495 F.3d at 1073-74. The limitation period began the next day and ran for 89 days until he filed his notice of post-conviction review, which triggered statutory tolling. When the Arizona Supreme Court denied his petition for post-conviction review, the limitation period began running again from where it left off. *See Tinker v. Moore*, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). It expired 276 days later, more than two months before Flores filed his habeas petition. *See Hemmerle*, 495 F.3d at 1077.

In the alternative, Flores argues for equitable tolling.

"[A] petitioner is entitled to equitable tolling [of the limitation statute] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir.

---

[1] The state argues the deadline is extended five extra days pursuant to Ariz.R.Crim.P. 1.3(a). (Doc. 10, p. 10) The court assumes, without deciding, that this is so.

[2] Because the 276th day, July 31, 2011, is a Sunday, the deadline ends on the next Monday, August 1, 2011. Fed.R.Civ.P. 6(a)(1)(C).

2011) (punctuation modified), *cert. denied*, 131 S.Ct. 3039 (2011).  "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Id*.  "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

Flores asserts that "[h]e has been pursuing his rights diligently" and that he "does not understand the law at all." (Doc. 17, p. 4)  While that may be the case, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Moreover, Flores does not explain how his lack of legal knowledge caused his untimeliness and "made it impossible to file [his] petition on time." *Lakey v. Hickman*, 633 F.3d at 786.  Flores' only habeas claim was raised and briefed in his Rule 32 post-conviction relief petition. (Doc. 13-4, pp. 95-99)  He does not explain why it took him almost one year (from the date the Arizona Supreme Court denied his petition for review) to summarize this claim and put it into the form of a habeas petition.  Flores is not entitled to equitable tolling of the limitation period.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1)  It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 4th day of February, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 5 -